UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MEXICHEM FLUOR, INC.                          CIVIL ACTION NO.

vs.

ACE STORAGE, INC. AND                         13-141-SDD-RLB
ESSEX INSURANCE COMPANY

*************************************************************************

# RULING ON DEFENDANT, ESSEX INSURANCE COMPANY'S, 12(b)6 MOTION TO DISMISS

Before the Court is a *Motion to Dismiss* pursuant to F.R.C.P. 12(b)6 (Rec. Doc. No. 10). Movant contends that the allegations of the Plaintiff's *Complaint* fail to state a claim for which relief can be granted. Movant maintains that the *Complaint* clearly and unambiguously excludes coverage under the warehouseman's legal liability policy issued by Essex Insurance Company ("Essex") to Ace Storage, Inc. ("Ace").

## STATEMENT OF THE CASE

Mexichem Fluor, Inc. ("Mexichem") filed suit in the district court pursuant to 28 U.S.C. 1332. Mexichem alleges a loss covered under an Essex's warehouseman's liability policy issued to Ace, arising out of the loss of approximately thirty-seven pallets of bulk chemicals stored by Mexichem at an Ace storage facility. Essex contends that coverage is clearly and unambiguously excluded relying upon the policy's "unexplained loss, mysterious disappearance exclusion"; the "shortage disclosed upon taking regular and systematic inventory" exclusion; or the "employee theft" exclusion.

## LAW AND ANALYSIS

In considering a motion to dismiss under F.R.C.P. 12(b)6, the court accepts the Plaintiff's factual allegations as true. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Accepting the well pleaded facts as true and viewing them in the light most favorable to the Plaintiff, a motion to dismiss must be denied if the complaint states a claim to relief that is "plausible on its face". *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

In as much as this case invokes the Court's diversity jurisdiction, Louisiana substantive law applies. It is well settled in Louisiana that any ambiguity in an exclusion must be construed against the insurer and in favor of coverage. *Great American Ins. Co. v. Gaspard*, 608 So.2d 981, 984 (1994). Exclusions are narrowly construed in favor of coverage and against the insurer. *St. Paul Mercury Ins. Co. v. Fairgrounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997).

Accepting the allegations of the Plaintiff's *Complaint* as true and construing the exclusions relied upon by Essex narrowly, the Court concludes that the "unexplained loss, mysterious disappearance" exclusion does not clearly and unambiguously exclude coverage under the allegations of Mexichem's *Complaint*. Mexichem pleads that some 36 to 37 pallets of bulk chemicals which were contained in cylinders and boxed and bundled together went missing while in the care, custody and control of Ace. Mexichem alleges that "because of their weight, the pallets of missing chemicals would have to be moved with a forklift. The chemicals could not have been easily misplaced or overlooked" (*Complaint* ¶16).

The *Complaint* alleges numerous acts and/or omissions by Ace. Accepting the

well pleaded facts of the *Complaint* as true, the Court is unable, at this stage in the litigation, to conclude that the loss is unexplained or mysterious such as to exclude coverage.

Likewise, the Court does not find that the Plaintiff's *Complaint* unambiguously establishes that the shortage or loss complained of was "disclosed upon taking regular and systematic inventory" thus excluding coverage. To the contrary, the Plaintiff's *Complaint* alleges that in April of 2010 the Plaintiff, Mexichem, commissioned a third party to physically inspect and inventory the Plaintiff's chemicals stored at the Ace facility (*Complaint* ¶2). The Plaintiff's *Complaint* further alleges that, more than a year later, Defendant Ace "took an inventory on or around October 24, 2011 and discovered that a large portion of those chemicals that had been present at its facility when [Plaintiff's] auditor did the April, 2010 inventory were no longer in Ace's storage facility" (*Complaint* ¶14). These allegations do not clearly and unambiguously establish that the loss was disclosed upon "taking regular and systematic inventory".

Finally, although the *Complaint* pleads that Ace knew or should have known that the chemicals may have been the subject of theft, owing to prior suspicious activities by Ace employees, these allegations do not clearly and unambiguously establish an employee theft exclusion. Rather, these allegations can be read to plausibly state a claim of knowledge by Ace giving rise to a duty of care which the Plaintiff alleges was subsequently breached.

## CONCLUSION

For the foregoing reasons, the Defendant, Essex Insurance Company's, *Motion to Dismiss* (Rec. Doc. No. 10) is hereby DENIED.

The Court need not reach Defendant Essex's claims that the Plaintiff fails to state a claim

under Louisiana's direct action statute because the Court concludes that the *Complaint* does not clearly and unambiguously exclude coverage.

Baton Rouge, Louisiana the 4 day of June, 2013.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA